# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RAMON BOYCE,

        Petitioner,   :   Case No. 2:23-cv-3240

- vs -                         District Judge Thomas M. Rose
                                                           Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                          :

        Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

      This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce to seek relief from his conviction in the Franklin County Court of Common Pleas on one count of burglary, is before the Court on Petitioner's Motion for Stay (ECF No. 9). Petitioner avers that his Petition is mixed in that he has not exhausted available state court remedies on his Sixth Ground for Relief, but that he has a "pending post-conviction petition"[1] raising the claim. He seeks a stay until those proceedings are complete.

      Later in his instant Motion Boyce refers to a "timely-filed" motion for new trial which he asserts the trial court denied as moot for lack of jurisdiction. He further claims that on appeal from that decision, the Tenth District Court of Appeals held the trial court was in error and does have

---

[1] ECF No. 9. PageID 381.

jurisdiction to decide the motion. He asserts it has not done so and he is preparing a petition in mandamus to the Supreme Court of Ohio in order to get a decision. *Id.* at PageID 383.

The State Court Record filed by Respondent reflects a motion for new trial was filed May 23, 2019 (State Court Record, ECF No. 6, Ex. 28). Trial judge Chris Brown found the motion moot five days later because Boyce had appealed. *Id.* at Ex. 29. Boyce did not attempt to appeal until September 4, 2020. *Id.* at Ex. 30. At the same time he sought leave to file a delayed appeal. *Id.* at Ex. 31. The Tenth District denied leave to file a delayed appeal on November 12, 2020. *Id.* at Ex. 33. It made no comment about supposed trial court error about its jurisdiction. *Id.*

Boyce then, on June 3, 2021, sought leave to file a delayed appeal in the Ohio Supreme Court. *Id.* at Exs. 34, 35. The Supreme Court granted leave for the late filing, but then dismissed the appeal for failure to file a memorandum in support of jurisdiction. *Id.* at Exs. 37, 38.

Petitioner's Sixth Ground for Relief reads:

> The trial court erred in not granting a new trial where petitioner was prejudiced by the state presenting knowingly false information to the jurors concerning petitioner's innocence, where it blocked the use of a police run log by marking it counsel only and falsely challenging its authenticity to the court, when the state secured document and did not provide it in discovery to petitioner's trial counsel, which would have shown petitioner's innocence of the burglary in comparison with the GPS evidence.

(Petition, ECF No. 1, PageID 7).

Petitioner's Motion is unclear about what proceeding he hopes to exhaust because the Motion for Stay refers both to a motion for new trial and a petition for post-conviction relief. There is plainly no good ground to stay this case to permit completion of the new trial proceedings – they are already complete.

On the other hand, if Petitioner is seeking a stay to exhaust post-conviction petition proceedings, he has not shown good cause to do so because he has not produced to this Court a

copy of the post-conviction petition.[2]

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

*Id.* at 277-278.

The evidence in question – the call run log – which is the basis of the new trial motion and the asserted basis of the petition for post-conviction relief does not qualify as newly-discovered evidence. Boyce knew of this evidence during trial; the gravamen of his new trial motion is that the trial court erred in not admitting it in evidence. The asserted error in not admitting it was available on the face of the direct appeal record and should have been raised in that proceeding; it is now likely barred by *res judicata* .

For all of the foregoing reasons, Petitioner's Motion for Stay is DENIED.

January 9, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] No petition for post-conviction relief appears in the State Court Record as filed by Respondent nor does Boyce, in his presently pending Motion to Expand the Record seek to add papers from the post-conviction proceeding.