# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RAMON BOYCE,

        Petitioner,    :    Case No. 2:23-cv-3240

- vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce to seek relief from his conviction in the Franklin County Court of Common Pleas on one count of burglary, is before the Court on Petitioner's Response to Motion to Dismiss (ECF No. 16). Respondent raised the defense of the statute of limitations in the Return of Writ and Petitioner has in effect filed a partial reply which presents that issue for adjudication.

## Analysis

In the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress enacted a one-year statute of limitations for habeas corpus actions. That limitations period is codified in 28 U. S. C. § 2244(d) which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

1

judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**Respondent's Argument**

Respondent calculates that Boyce's conviction became final on direct review when the Supreme Court of Ohio dismissed his direct appeal to that court for failure to prosecute, to wit, on October 18, 2021. The statute would then have begun to run on October 19, 2021, and would have expired one year later on October 19, 2022, except that Petitioner had in the interim filed an application under Ohio R. App. P. 26(B) alleging ineffective assistance of appellate counsel. Under 28 U.S.C. § 2244(d)(2), that properly filed collateral attack on the conviction tolled the statute while it was pending. Instead, the statute began to run on May 22, 2022, when the Ohio Supreme Court declined jurisdiction over Boyce's direct appeal and then expired a year later on May 23, 2023. Because the Petition was not filed until September 27, 2023, it is argued to be time barred.

**Petitioner's Argument**

Petitioner asserts he timely filed a motion for new trial on May 23, 2019 (ECF No. 16, PageID 1524). That motion appears in the State Court Record at Ex. 28 and was indeed filed on that date. On May 28, 2019, the Franklin County Court of Common Pleas found the motion for new trial to be moot because Boyce had theretofore appealed, depriving the Common Pleas Court of jurisdiction. (Entry, State Court Record, ECF No. 16, Ex. 28). Boyce claims he did not timely appeal from that decision because he asserts he did not timely receive notice of it. However, he notes that in denying leave to file a delayed appeal the Tenth District Court of Appeals held "[t]he trail [sic] court concluded that it lacked jurisdiction over the new trial motion, and so did not resolve it on its merits. Nor did the trial court hold that motion in abeyance pending our resolution of the direct appeal." (ECF No. 16, PageID 1524, quoting *State v. Boyce,* Case No. 20AP-414 (Ohio App. 10th Dist. Nov. 12, 2020)).

Boyce argues this comment by the Tenth District "insinuates" that the Common Pleas Court did have jurisdiction to decide his motion for new trial and its action amounts to striking his motion without deciding the merits. *Id.* This, he says, violates Ohio law which holds it is reversible error to fail to decide a motion for new trial on the merits. *Id.* at PageID 1525, citing *State v. O'Banion,* 26 Ohio App.2d 285 (1st Dist. Dec. 21, 1970). Boyce concludes that if it was reversible error to not decide his motion on the merits, the Common Pleas Court lacked jurisdiction to do what it did. Therefore the result was not a final appealable order, he was under no obligation to appeal, and "[b]ecause the trial court has not properly resolved it, it is thus still pending and must act as a tolling provision for the purposes of §2244(d)(2)." (ECF No. 16, PageID 1525). In order to obtain a decision on the motion, Boyce avers he has drafted but not yet filed a petition in

3

mandamus to compel the Franklin County Court to decide his motion for new trial on the merits. *Id.* at PageID 1526-27.

## Analysis

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner asserts that a motion for new trial comes within this provision and for the sake of argument the Magistrate Judge will assume the correctness of this point. Certainly a motion for new trial is filed post-conviction.[1]

However, the statute of limitations was not tolled by Boyce's new trial motion because it was not "properly filed." Ohio R. Crim. P. 33 provides a motion for new trial must be filed within fourteen days after the verdict was rendered. The jury had returned its guilty verdict on April 25, 2019 (See Judgment Entry, State Court Record, ECF No. 16, Ex. 22). The Court takes judicial notice that May 23, 2019, is twenty-eight days after April 25, 2019.

In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been

---

[1] Petitioner cites *State v. Bush,* 96 Ohio St.3d 235 ¶ 13 (2002), as holding a motion for new trial "is not a collateral attack but is filed in the underlying criminal case." (ECF No. 16, PageID 1527). *Bush* did not deal with motions for new trial, but rather motions to withdraw guilty pleas. It is difficult to understand why Boyce cites *Bush* because that decision undercuts his argument that his motion for new trial is a collateral attack. Holding a motion for new trial to be a qualifying collateral attack under § 2244(d)(2) is consistent with both the language and purpose of that section. For purposes of this case, the Magistrate Judge concludes a motion for new trial qualifies under § 2244(d)(2).

4

> "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

531 U.S. at 8. Thus the meaning of the term "properly filed" in §2244(d)(2) is a question of proper interpretation of a federal statute, here the AEDPA, and thus question of federal law. However, the requirements for properly filing are set by state law, here Ohio R. Crim. P. 33 which sets a deadline of fourteen days after verdict.[2] Because Petitioner's motion for new trial was not filed within fourteen days of the verdict, it was not "properly filed" and its pendency did not toll the statute.

There are a number of other propositions in Boyce's Response with which the Magistrate Judge takes issue. First of all, Boyce asserts that the Common Pleas Court's error in denying his motion deprived it of jurisdiction such that its order was not appealable. But committing a reversible error does not deprive an Ohio trial court of jurisdiction. In general

> [A judgment] is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.

Wright, Miller, and Kane, Federal Practice and Procedure: Civil 3rd § 2862 (footnotes omitted). The Tenth District Court of Appeals in this case did not question the jurisdiction of the Common Pleas Court to decide the motion for new trial or its own jurisdiction to consider on appeal any error in the exercise of that jurisdiction. Boyce provides no authority for the proposition that the reversible error of not deciding the merits of a new trial motion deprives the trial court of jurisdiction.

Second, the Magistrate Judge does not question the authority of an Ohio appellate court to issue a writ of mandamus to require the Franklin County Common Pleas Court to decide the motion

---

[2] Rule 33 provides a different deadline for motions based on newly discovered evidence, but that was not the basis of Boyce's motion.

5

for new trial. Whether or not mandamus is warranted is not material to the issue before this Court. Because the motion for new trial was not properly filed, its pendency did not toll the federal statute.

It is also not material that the trial court did not deny the motion because it was untimely; indeed, it made no ruling on that point. That does not prevent this Court from deciding that it was not properly filed by applying the plain language of Ohio R. Crim. P. 33.

The only alternative to Respondent's statute calculation that Boyce offers is the one rejected here. Accordingly, the Magistrate Judge accepts Respondent's calculation and finds the statute of limitations expired May 23, 2023. The Petition is thus untimely and should be dismissed with prejudice on that basis. Because the limitations defense is dispositive of all claims in the Petition, the Court need not engage in further analysis of those claims.

**Conclusion**

The Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice as time-barred. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 5, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
