# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RAMON BOYCE,

        Petitioner,    :    Case No. 2:23-cv-3240

  - vs -    District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                            :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce, is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendation recommending dismissal of the Petition as time-barred ("Report," ECF No. 17).  District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 21).

      In opposing Respondent's statute of limitations defense, Petitioner relied on 28 U.S.C. § 2244(d)(2) which provides that the statute is tolled during the pendency of any post-conviction collateral attack on the judgment, a provision Boyce claimed applied to his motion for a new trial. The Report agreed that a motion for new trial under Ohio law counts as a post-conviction collateral attack, but concluded Boyce's motion did not qualify because it was not "properly filed" as required by § 2244(d)(2).

1

**First Objection:  Waiver by Failure to Oppose**

Boyce first objects that Respondent did not reply to his argument that that his motion for new trial was not properly resolved and that the new trial motion remains pending (Objections, ECF No. 20, PageID 1541).  Because, he claims, Respondent could have filed a reply memorandum in support of dismissal without court permission but did not do so, Boyce asserts any response is waived. *Id.*

Boyce's position mischaracterizes the procedural posture of the case.  Respondent did not file a free-standing motion to dismiss.  Had the Warden done so, he would have had the right to file a reply memorandum under S. D. Ohio Civ. R. 7.2.  Instead, Respondent raised the limitations defense as part of the Return of Writ and the Magistrate Judge separated that issue for litigation by instructing Petitioner to file a reply devoted only to that issue (Decision and Order, ECF No. 14).  The Warden had no right granted by a procedural rule to file a reply memorandum.

Indeed, Boyce's position misunderstands the judicial role.  In deciding a legal issue, a judge's duty is to apply the law as a whole, not just those arguments raised by one side or the other.  Of course, some arguments or claims are forfeited as a matter of law if they are not raised by the party they favor.  For example, Fed.R.Civ.P. 8 lists a number of affirmative defenses lost if they are not raised in an appropriate pleading.  The statute of limitations is such an affirmative defense.  However, a district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Boyce's first objection is not well taken and should be overruled.

**Second Objection:  The Motion for New Trial was Based on Newly-Discovered Evidence**

Boyce next objects that his motion for new trial was based on newly-discovered evidence (Objections, ECF No. 20, PageID 1541).  Although Boyce does not make the argument explicitly, he is presumably relying on Ohio R. Crim. P. 33(B) permits filing of a motion for new trial based on newly-discovered evidence to be made within 120 days after verdict.

However, Boyce's motion was not based on already-discovered new evidence, but on his desire to obtain and present evidence.  His motion complains that he was not able to offer expert evidence from a "shoe tread expert" – someone who could offer an expert comparison of a known shoe of Boyce's with the shoe impression offered by the State to show Boyce was at the scene of the burglary when it occurred (Motion, State Court Record, ECF No. 6, PageID 165).  But Boyce did not submit an affidavit of proposed shoe expert testimony with his motion.  Instead, he complained that the trial judge delayed the withdrawal of counsel which prevented Boyce from obtaining and presenting an expert. *Id.*  Ohio R. Crim. P. 33(B) does not authorize post-conviction discovery to obtain new evidence, but speaks to evidence already discovered.

Boyce's second objection should be overruled.

**Third Objection:  The Motion for New Trial Was Properly Filed**

In his third objection, Boyce asserts his motion for new trial was in fact properly filed (Objections, ECF No. 20, PageID 1542, *et seq.*).

The Magistrate Judge based his calculation of when the Motion for new trial was filed simply by examining the motion itself:  the Motion bears the time-stamp of the Clerk of the

Franklin County Court of Common Pleas of 11:32 A.M on May 23, 2019 (Motion, State Court Record, ECF No. 6, PageID 157).

Boyce argues instead that at the time of his sentencing he made a double jeopardy claim and "attempted to submit his motion for new trial" (Objections, ECF No. 20, PageID 1542).  He cites to PageID 1336-39 which is the place in the trial transcript where he makes his pre-sentence allocution.  In those pages Boyce mentions his double jeopardy argument, but makes no mention of a new trial motion.

Boyce next claims:

> Petitioner stopped on transport and asked the court what about his motion for new trial and motion to dismiss, the court instructed him to mail them to the clerk  Petitioner asked about timeliness, the court said they will be received and treated as timely.

(Objections, ECF No. 20, PageID 1542).  Boyce gives no record reference and the Court cannot consider his unsworn statement about what happened "on transport."  *Cullen v. Pinholster,* 563 U.S. 170 (2011).

On April 29, 2019, the trial court reconvened the case and vacated the prior sentencing hearing (Trial Transcript, State Court Record, ECF No. 15-2, PageID 1346, et seq.)  Boyce again raised his double jeopardy claim. *Id.* at PageID 1349.  However, he makes no mention of a new trial motion. At PageID 1353 he says "And then the whole shoe issue, the print certainly was not mine," but makes no reference to any motion or evidence to that effect.

Boyce claims the certificate of service on the Motion shows he attempted to file it on April 29, 2019 (Objections, ECF No. 20, PageID 1544).  It does nothing of the sort.  Instead it claims deposit in the mail on May 8, 2019 (See PageID 183).  Boyce may have thought that was sufficient, since May 8, 2019, is thirteen days after verdict and in the federal courts deposit in the prison mail system is sufficient for filing under the "mailbox" rule of *Houston v. Lack,* 487 U.S. 266 (1988).  However,

4

the mailbox rule is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000), and Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive.)

Petitioner says he is relying on *Artuz v. Bennett*, 531 U.S. 4 (2000), but that decision does not support his position. In *Artuz* the Supreme Court held:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8. Petitioner cites a number of precedents holding that filing requires delivery to the proper official, usually the clerk of court (Objections, ECF No. 20, PageID 1543-44). But Boyce does not dispute that Ohio Crim. R. 33 requires filing within fourteen days of verdict and provides no proof that he delivered his Motion to the Clerk within those fourteen days.

Petitioner relies on the provision Ohio Revised Code § 2945.80 which allows delayed filing of a new trial motion if the filing is made within three days of a court ruling that a defendant was unavoidably prevented from filing on time. Boyce recognizes that § 2945.80 has been superseded by Crim. R. 33, but then claims "[t]he court on its own orally found Petitioner to be unavoidably prevented from timely filing where it was the courts order that held Petitioner in the county jail preventing the filings." There is no proof of any such finding. Boyce's claim that it happened is both unsworn hearsay and beyond the state court record.

Petitioner's Motion for New Trial was not "properly filed" within the meaning of that term in § 2244(d)(2). His third objection should be overruled.

**Fourth Objection: The Trial Court Lacked Jurisdiction to Deny the Motion for New Trial**

In his opposition to the limitations defense, Petitioner claimed that the Common Pleas Court's denial of his Motion for New Trial amounted to striking it from the record. Because, he claimed, that act was beyond the jurisdiction of the Common Pleas Court, the Motion remained pending and he was planning a writ of mandamus to compel t3hsat court to decide the Motion.

The Report rejected this argument:

> The Tenth District Court of Appeals in this case did not question the jurisdiction of the Common Pleas Court to decide the motion for new trial or its own jurisdiction to consider on appeal any error in the exercise of that jurisdiction. Boyce provides no authority for the proposition that the reversible error of not deciding the merits of a new trial motion deprives the trial court of jurisdiction.

(Report, ECF No. 17, PageID 1573.)

Petitioner objects that the trial court's decision deprived him of due process of law and is therefore void (Objections, ECF No. 20, PageID 1545). He did not take a timely appeal from that decision and was denied leave to file a delayed appeal (Memorandum Decision, State Court Record, ECF No. 6, Ex. 33). In seeking leave to file a delayed appeal, he did not claim the trial court lacked jurisdiction to deny his Motion for New Trial (Motion, State Court Record, ECF No. 6, Ex. 31).

Boyce's objection evinces a confusion between void and voidable judgments.

> "The general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of 'jurisdiction' is applicable in various legal analyses." *Bank of Am., NA. v. Kuchta*, 141 Ohio St.3d 75, 2014-0hio-4275, ¶ 18. "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Id*. at ¶19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). A court that acts without subject matter

> jurisdiction " renders that court's judgment void *ab initio*." *Id*. at ¶17. In comparison, " [a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject matter jurisdiction." *Id*. at ¶18. This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void."

*Id.* As an Ohio Common Pleas Court, the Franklin County Court had subject matter jurisdiction. Ohio's common pleas courts are endowed with ' original jurisdiction over all justiciable matters * * * as may be provided by law.'" *Id*. at ¶ 20, quoting Article IV, Section 4(B), Ohio Constitution. The Ohio Supreme Court "has long held that the court of common pleas is a court of general jurisdiction, with subject matter jurisdiction that extends to ' all matters at law and in equity that are not denied to it. '" *Id*, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891).

If the Common Pleas Court committed error in dealing with the Motion for New Trial, that did not render its judgment void for lack of jurisdiction. Boyce's Fourth Objection should be overruled.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to

7

proceed *in forma pauperis*.

March 4, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #