UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAMON BOYCE, | : | |
| | : | |
| Petitioner, | : | Case No. 2:23-cv-3240 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WARDEN OF CHILLICOTHE CORRECTIONAL INSTITUTION, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Respondent. | : | |

---

**ENTRY AND ORDER OVERRULING PETITIONER RAMON BOYCE'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. NO. 20) AND PETITIONER RAMON BOYCE'S OBJECTIONS TO THE MAGISTRATE JUDGE'S [SUPPLEMENTAL] REPORT AND RECOMMENDATIONS (DOC. NO. 25); ADOPTING, IN FULL, REPORT AND RECOMMENDATIONS (DOC. NO. 17) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. NO. 22); AND TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce ("Petitioner"), is before the Court on Petitioner's Objections (Doc. No. 25) to the Magistrate Judge's [Supplemental] Report and Recommendation recommending dismissal of the Petition as time-barred ("Supplemental Report") (Doc. No. 22) and his previous Objections (Doc. No. 20) to the Magistrate Judge's original Report and Recommendations ("Report") (Doc. No. 17) making the same recommendation.

**I.      Litigation History**

When this case was filed, it was randomly assigned to District Judge Sargus and Magistrate Judge Silvain. Judge Silvain conducted the preliminary review under Rule 4 of the Rules Governing § 2254 Cases and ordered Respondent to file an answer conforming to Rule 5, which

would include any affirmative defenses on which Respondent relied. (Doc. No. 3.) Because Petitioner's prior and related case arising out of a conviction in Clark County had been adjudicated by District Judge Rose and Magistrate Judge Merz, this case was transferred to them. (Doc. No. 4.) Shortly after the Return of Writ was filed, Petitioner sought a stay "to return to state court to exhaust his pending post-conviction Petition to prevent petitioner from proceeding on a mixed petition." (Doc. No. 12.) Judge Merz denied a stay because it was unclear what proceedings Petitioner intended to exhaust – his new trial motion proceedings were complete and he did not produce a copy of any post-conviction petition. (*Id.*)

In the Order for Answer, Judge Silvain had set a deadline of twenty-one days after the Answer for Petitioner to file a reply; that would have been January 12, 2024. (Doc. No. 3.) On the same day he sought the stay, Petitioner moved for a 107-day extension of time to file a reply. (Doc. No. 10.) On January 10, 2024, Judge Merz, noting the length of time that had been needed to adjudicate Petitioner's Clark County case, extended the time for a reply, but limited it to the issue of whether the Petition was barred by the statute of limitations. (Doc. No. 14.) By carving out that one potentially dispositive issue, Judge Merz evidently hoped to limit the time needed to adjudicate this case.[1] If the limitations issue turned out not to be dispositive, Judge Merz allowed additional time for Petitioner to prepare a traverse.

On January 30, 2024, Petitioner filed what he captioned as a "Response to Motion to Dismiss" (ECF No. 16) which positioned the limitations issue for decision.

## II. Analysis

In his Response to Motion to Dismiss, Petitioner claimed that he had timely filed a motion for new trial in the Franklin County Court of Common Pleas. He reasoned that this motion

---

[1] Despite very active case management, Petitioner's Clark County case had taken more than fifteen months to adjudicate and generated a 5400 page record. It is still pending on appeal.

constituted a request for collateral relief from conviction and its pendency tolled the statute of limitations under 28 U.S.C. § 2244(d)(2).  Although the Common Pleas Court had denied the new trial motion and he had appealed, he reasoned the denial was improper and the motion for new trial was still pending in the trial court, continuing its tolling effect.

In his original Report, Judge Merz found Petitioner's conviction became final on direct appeal on October 18, 2021, and the statute would have run a year later except for the pendency of a timely-filed Application for Reopening under Ohio R. App. P. 26(B), which tolled the statute until May 22, 2022.  The Petition was not filed until September 27, 2023, more than a year later, and was therefore time-barred.  (Doc. No. 17 at PageID 1530.)

While the new trial motion would have qualified under § 2244(d)(2) if it had been "properly filed," the Report concluded it had not been because Ohio R. Crim. P. 33 sets a time limit of fourteen days after verdict for such a motion and Petitioner's motion was not filed until twenty-eight days after verdict.  (*Id.* at PageID 1532.)

In his Objections to the original Report, Boyce contended that the State had waived its limitations defense by not replying to his "Response to Motion to Dismiss."  Judge Merz correctly rejected this argument in his Supplemental Report because the Warden had not in fact filed a motion to dismiss which would have given him the right to file a reply memorandum.  More fundamentally, a party does not waive an affirmative defense by not seeking or taking every possible opportunity to argue the defense.  Indeed, the Supreme Court has held that a District Court may raise a limitations defense in a habeas case *sua sponte* even if the Respondent Warden has not pleaded it.  *Day v. McDonough*, 547 U.S. 198 (2006) (upholding *sua sponte* raising of defense even after answer which did not raise it); *see also Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Petitioner next argued that his motion for new trial was timely because it was based on

3

newly-discovered evidence and Ohio R. Crim. P. 33 provides a more generous time for filing such a motion. However, in his Supplemental Report, Judge Merz correctly rejected this argument because it was not based on evidence already discovered, but on evidence whose existence Boyce postulated and sought to discover regarding a shoe tread print found at the scene of the offense in suit.

Objecting to this conclusion, Petitioner relies on a statute relating to new trial procedures, Ohio Revised Code § 2945.79. That statute was carried forward without amendment from the Ohio General Code to the Ohio Revised Code when the Revised Code was enacted October 1, 1953. It has not been amended since. However, it is superseded by Ohio R. Crim. P. 33 because that is a rule adopted by the Ohio Supreme Court pursuant to the Modern Courts Amendment which gave the Ohio Supreme Court the authority to adopt rules and provides, "[a]ll laws in conflict with such rule shall be of no further force and effect after such rules have taken effect." The procedures prescribed by Rule 33 plainly conflict with Ohio Revised Code § 2945.79 and thus supersede the statute.

Petitioner objects generally that no Ohio court has held his motion for new trial was not "properly filed." While that is correct, it is immaterial. Whether a state collateral attack has been properly filed is indeed a question of state law, but it only arises in the context of a federal court deciding whether a particular collateral attack will, under § 2244(d)(2), toll a federal statute of limitations. Federal courts in general are competent to decide questions of state law when they arise in federal litigation. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). There is no mechanism for a federal court to ask a state trial court for a ruling on the question.

### III. Conclusion

Having considered the case *de novo*, the Court overrules Petitioner's Objections to both

Reports and adopts those Reports in full. It is accordingly ordered that the Petition be dismissed with prejudice as barred by the statute of limitations. The Clerk is hereby directed to enter judgment to that effect and terminate the instant case from the Court's docket. Because the Court finds that reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit Court of Appeals that any appeal would be objectively frivolous and Boyce should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 29, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE